**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **HERBERT DOUGLAS,** | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **V.** | § | CIVIL ACTION NO. 3:25-cv-00540 |
| | § | |
| **RUDOLPH FREIGHT INC. AND** | § | |
| **CONTRACT FREIGHTERS INC d/b/a CFI,** | § | |
| **DEFENDANTS** | § | |

# PLAINTIFF'S ORIGINAL COMPLAINT

## A. PARTIES

1. Plaintiff HERBERT DOUGLAS ("Plaintiff") resides at 114 Blades Street, Houston, Texas 77016, and is a resident of the Southern District of Texas.

2. Defendant RUDOLPH FREIGHT INC. is a foreign corporation organized and existing under the laws of the State of Kentucky and doing business in the State of Texas. Defendant RUDOLPH FREIGHT INC. may be served with citation by serving its registered agent, Robert L. Prince, 1005 Main Street, Benton, Kentucky 42025, or wherever he may be found. Citation is requested at this time.

3. Defendant CONTRACT FREIGHTERS INC. d/b/a CFI is a foreign corporation organized and existing under the laws of the State of Missouri and doing business in the State of Texas. Defendant CONTRACT FREIGHTERS INC. d/b/a CFI may be served with citation by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 221 E. Bolivar Street, Jefferson City, Missouri 65101, or wherever they may be found. Citation is requested at this time.

## B. JURISDICTION

4. This is a civil action for damages arising from a motor vehicle accident. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## C. VENUE

5. Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## D. CONDITIONS PRECEDENT

6. All conditions precedent to Plaintiff's claim for relief have been performed or have occurred.

## E. FACTS

7. Plaintiff brings this suit against Defendants as a result of a collision that occurred on or about June 7, 2024, at the Pilot Travel Center located at 501 Van Horn Drive in Van Horn, Culberson County, Texas.

8. At the time of the incident, an unknown driver was operating an 18-wheeler that had been entrusted to him by Defendants RUDOLPH FREIGHT INC. and CFI.

9. Upon information and belief, the unknown driver was acting in the course and scope of his employment, either as an employee or as an independent contractor, and his negligent acts or omissions were jointly and severally, singularly or in combination with the other Defendants, a proximate cause of the injuries and damages for which Plaintiff now sues.

10. Plaintiff, HERBERT DOUGLAS, was parked and asleep in his vehicle at the truck stop when the driver of the 18-wheeler, owned by Defendants, attempted a U-turn. During the maneuver, the

18-wheeler struck the front of Plaintiff's vehicle, throwing Plaintiff from the bunk bed within his truck.

11. The impact caused significant force, resulting in injuries to Plaintiff's neck, back, and head, and damage to his vehicle. Plaintiff has suffered severe and permanent bodily injuries and has incurred and will continue to incur medical expenses.

12. The driver of the 18-wheeler owned by Defendants acted with complete disregard for the safety of Plaintiff and others by: making a U-turn when unsafe, failing to keep a proper lookout, failing to take evasive action, and failing to timely apply the brakes.

## F. COUNT 1 – NEGLIGENCE OF UNKNOWN DRIVER

13. Plaintiff alleges that the collision and resulting injuries were caused by one or more negligent acts and/or omissions of the driver of the 18-wheeler owned by Defendants, whose negligence proximately caused Plaintiff's damages.

14. The driver breached his duty to exercise ordinary care in the operation of the vehicle in one or more of the following ways: (a) Failing to keep a proper lookout; (b) Making a U-turn when unsafe; (c) Failing to control the speed of the vehicle; (d) Failing to take evasive action; and (e) Failing to act as a reasonable person using ordinary care under the same or similar circumstances.

## G. COUNT 2 – NEGLIGENCE OF DEFENDANT RUDOLPH FREIGHT INC.

15. Plaintiff alleges that the collision and resulting injuries were caused by negligent acts and/or omissions of Defendant RUDOLPH FREIGHT INC., which were a proximate cause of Plaintiff's damages. Upon information and belief, the driver was acting as an agent, servant, and employee of Defendant RUDOLPH FREIGHT INC. and was operating within the course and scope of his

employment. Accordingly, Defendant RUDOLPH FREIGHT INC. is vicariously liable under the doctrine of respondeat superior.

16. Defendant RUDOLPH FREIGHT INC. was also negligent in one or more of the following respects: negligent hiring; negligent retention; negligent entrustment; negligent supervision; and negligent training and failure to implement adequate safety procedures.

## H. COUNT 3 – NEGLIGENCE OF DEFENDANT CONTRACT FREIGHTERS INC. d/b/a CFI

17. Plaintiff alleges that the collision and resulting injuries were caused by negligent acts and/or omissions of Defendant CONTRACT FREIGHTERS INC. d/b/a CFI, which were a proximate cause of Plaintiff's damages. Upon information and belief, the driver was acting as an agent, servant, and employee of Defendant CFI and was operating within the course and scope of his employment. Accordingly, Defendant CFI is vicariously liable under the doctrine of respondeat superior.

## I. DAMAGES

18. As a direct and proximate result of Defendants' negligence, Plaintiff has suffered damages including, but not limited to: past and future medical expenses; past and future physical pain and mental anguish; past and future physical impairment; past and future disfigurement; past and future loss of wages and earning capacity; and property damage to Plaintiff's vehicle.

## J. JURY DEMAND

19. Plaintiff respectfully requests a trial by jury.

## K. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants be cited to appear and answer herein, and that upon final trial, Plaintiff have and recover: (a) Actual

damages in an amount up to $1,000,000.00; (b) Costs of court; (c) Post-judgment interest; and (d) Such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

SHAW COWART, LLP

*/s/ Ethan L. Shaw*
ETHAN L. SHAW
Texas Bar No. 18140480
elshaw@shawcowart.com

JOHN P. COWART
Texas Bar No. 04919500
jcowart@shawcowart.com

1301 West 25th Street, Suite 406
Austin, Texas 78705
(512) 499-8900 telephone
(512) 320-8906 facsimile

ATTORNEYS FOR PLAINTIFF